IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>JERRY C. HUFF<br><br>Defendant, | MEMORANDUM DECISION<br>AND ORDER<br><br><br><br>Case No. 2:08-CR-371 |

  Defendant, Jerry C. Huff, moves the Court pursuant to Federal Rules of Criminal Procedure 8 and 14 to sever Counts 4 and 5 from the remaining counts of the Indictment against him. Under Counts 1, 2 and 3, Huff was indicted for wire fraud and money laundering offenses arising from a mortgage transaction. The Government asserts that Huff created and submitted to First Greensborough Home Equity a fictional appraisal containing material misstatements about the condition and value of his property, and a loan application that materially overstated his income. The loan application was supported by what appeared to be copies of federal tax returns for the tax years 2001 and 2002. Huff was indicted under Counts 4 and 5 for failing to file tax returns for the tax years 2002 and 2003.

  In his motion, Huff fails to cite any legal authority or to set forth facts to support the motion. In opposition, the Government outlines the factual allegations against Huff and cites to

the cases of *United States v. Bailey*[1] and *United States v. Cardall*.[2]  The Government argues that pursuant to Rule 8(a) and the authority cited by it, severance is not required unless the defendant demonstrates that actual prejudice will result from denial of the motion to sever.  The Government also argues that offenses may be appropriately tried in the same proceeding where the offenses are of the same or similar character, or are acts or transactions that are connected together, or are part of a common scheme or plan.[3]  The Government further argues that claims against Huff are interrelated in that the Government's proof will demonstrate that Mr. Huff failed to file tax returns, which he represented to the mortgage bank had been filed with the IRS.  The Government further argues that Huff has demonstrated no prejudice that has or may result from the joinder of the fraud and the failure to file counts.

  At oral argument, Huff argued that joinder of the fraud offenses with the failure to file counts would be unfairly prejudicial to Huff because he would be faced with the "Hobson's choice" of having to choose between remaining silent, which he may wish to do on the fraud counts, and testifying, which he may wish to do in defense of the failure to file counts.  Counsel for Huff argued that Huff was required to file tax returns only if his income in the specified years exceeded the amount required by law to impose such an obligation.  Counsel argued "hypothetically" that Huff may testify that in the relevant tax years of 2002 and 2003, his income did not exceed the required amount.

---

[1] 952 F.2d 363 (10th Cir. 1991).

[2] 885 F.2d 656 (10th Cir. 1989).

[3] Fed. R. Crim. P. 8(a).

Under this scenario, if Huff does not testify that his income was below the amount that triggers an obligation to file a tax return, he may be convicted on the tax evasion counts. Yet, if he does testify that his income was below a specified amount, the Government will use the testimony to prove he submitted a false loan application. In other words, Huff would be proving the violation of the fraud counts in order to offer a defense to the tax evasion counts. Thus, counsel argued, Huff would be prejudiced if he is forced to make such a decision.

Counsel further argued that only for the tax year 2002 is a claim made that Huff both submitted a false tax return to the mortgage bank and failed to file a tax return with the Internal Revenue Service. Thus, counsel argued, there is no connection between the fraud counts and the claims asserted in count 5 for failure to file for the 2003 tax year. Huff cited no legal authority to support his argument.

Courts have held that "the district court has a duty to weigh the prejudice" to the defendant "resulting from a joint trial . . . against the expense and inconvenience of separate trials."[4] In this evaluation, "[n]either a mere allegation that defendant would have a better chance of acquittal" in separate trials nor a concern about a "'spillover effect' from the evidence . . . is sufficient to warrant severance."[5] Where the counts are interrelated and would require testimony of the same witnesses, severance is generally not appropriate.[6] In *Bailey*, as in the present case, the fraud counts and failure to file counts were interrelated.

---

[4] *Bailey*, 952 F.2d at 365.

[5] *Cardall*, 885 F.2d at 668 (quotations and citations omitted).

[6] *See, e.g.*, *Bailey*, 952 F.2d at 365.

Courts have also recognized, however, that a defendant may be prejudiced by the joinder of two counts where the defendant has made a particularized showing of a desire to testify only in defense of one of the joined counts.[7] In such cases, severance may be necessary to avoid prejudice where the defendant wishes to testify regarding some counts and to invoke the Fifth Amendment with respect to other counts.[8] In *Baker v. United States*, the court explained the potential for prejudice:

> [B]ecause of the unfavorable appearance of testifying on one charge while remaining silent on another, and the consequent pressure to testify as to all or none, the defendant may be confronted with a dilemma: whether, by remaining silent, to lose the benefit of vital testimony on one count, rather than risk the prejudice (as to either or both counts) that would result from testifying on the other.[9]

Nevertheless, the "'mere unexplicated assertion'" of a desire to testify on one count is not enough to require severance.[10] In *Baker*, the court explained the showing the defendant must make in order to sustain his claim of prejudice:

> In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of economy and expedition in judicial administration against the

---

[7] *See, e.g.*, *United States v. Sampson*, 385 F.3d 183, 193 (2d Cir. 2004).

[8] *See, e.g.*, *United States v. Fenton*, 367 F.3d 14, 22 (1st Cir. 2004).

[9] *Baker v. United States*, 401 F.2d 958, 976 (D.C. Cir. 1968).

[10] *Sampson*, 385 F.3d at 191 (quoting *United States v. Werner*, 620 F.2d 922, 930 (2d Cir. 1980)).

>   defendant's interest in having a free choice with respect to testifying.[11]

In *United States ex rel. Tarallo v. LaVallee*, the court explained that "to be granted severance, [the defendant] must make a 'convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other.'"[12]

In support of the present motion, Huff has failed to make a particularized showing of what testimony would be offered. Huff only offers that "hypothetically" he may wish to offer testimony that his income for the years 2002 and 2003 was not in an amount to require him to file a tax return. Huff has not offered the Court any evidence that he indeed would present such a defense. His counsel merely argues that he hypothetically may wish to offer such a defense and in the event he did, he would face the Hobson's choice he postulates. Huff also has not offered the Court any evidence to support a defense that, in fact, his income in the relevant years was below the required amount. Nor has Huff provided the Court with a "convincing showing" that he has some important testimony to give or what that testimony would be. Huff's arguing that "hypothetically" he may wish to make such an argument or to remain silent does not meet the requirements.

Huff also fails to provide the Court convincing arguments that he would be unfairly prejudiced by the joinder of Count 5 for the failure to file for the 2003 tax year. Although Huff apparently did not offer a purported tax return for 2003 to the mortgage bank, it would be

---

[11] *Baker*, 401 F.2d at 977 (quotations and citations omitted).

[12] *United States ex rel. Tarallo v. LaVallee*, 433 F.2d 4, 6 (2d Cir. 1970) (quoting *Baker*, 401 F.2d at 977), *cert. denied*, 403 U.S. 919 (1971).

speculation to conclude that the "spillover effect" for that count would unfairly prejudice him, either on counts 1 through 4 or on count 5.  The witnesses testifying as to his failure to file are likely to be the same, thus requiring a duplication of the evidence.  There is no apparent reason to conclude that, in this case, the jury would not be able to follow the admonition that each count must be proven and considered separately.[13]

The Court DENIES the Motion for Severance.[14]  Nevertheless, the Court would be open to consider a renewed motion to sever if Huff provides the Court, prior to trial, with (1) a "convincing showing" that he has evidence to support a defense that his income for the years 2002 and 2003 did not meet the required elements for filing a tax return and (2) a statement that he has important testimony to give, including a proffer of what the content of that testimony would be, or otherwise, make a particularized showing of prejudice.  Absent such evidence being provided, the trial will proceed with a joinder of all of the counts as sets forth in the Indictment.

IT IS SO ORDERED.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
U.S. District Court Judge

---

[13] *See e.g.*, *United States v. Hively*, 437 F.3d 752, 766 (8th Cir. 2006).

[14] Docket No. 23.