IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JERRY C. HUFF,<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08-cr-00371 CW<br><br>District Judge Clark Waddoups |

　　　　On February 3, 2012, Defendant Jerry C. Huff filed a Motion for Court Appointed Habeas Corpus 2255 Counsel. A Section 2255 motion is a civil proceeding rather than a criminal matter.[1] *Trenkler v. United States*, 536 F.3d 85, 94 (1st Cir. 2008) (citations omitted). Consequently, a person "has no constitutional right to counsel in a habeas proceeding." *United States v. Moya-Breton*, 439 Fed. Appx. 711, 716 (10th Cir. 2011). Instead, "the decision to appoint counsel is left to the sound discretion of the district court." *Id.* (quotations, citations, and alteration omitted). An exception to this rule exists, however, if "the district court determines that an evidentiary hearing is required" based on the content of a § 2255 motion. *Id.* (quotations and citation omitted); *see also* Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts (2011).

---

　　　　[1] When a motion is filed under 28 U.S.C. § 2255 (a "§ 2255 motion"), the motion effectively begins a civil proceeding under a new case record and all pleadings and documents are filed under the new civil case number. The present motion is a request for appointment of counsel so Mr. Huff can pursue a § 2255 motion. Because it is not an actual § 2255 motion, no civil matter has been opened.

Here, determination of whether an evidentiary hearing is required is premature because Mr. Huff has not yet filed a § 2255 Motion. Thus, there is no requirement to appoint counsel at this time. The court further notes that Mr. Huff has completed his sentence and is no longer in custody. "[T]he substance of a § 2255 motion is that it is filed by '[a] prisoner *in custody* under sentence of a court.'" *Pilla v. United States*, Case No. 10-4178, 2012 U.S. App. LEXIS 2366, at * 8 (6th Cir. Feb. 6, 2012) (quoting 28 U.S.C. § 2255(a)) (emphasis added). As a result, courts typically "do not consider the merits of § 2255 motions filed by persons no longer in custody." *Id.* (citation omitted). Because it is unlikely that Mr. Huff can prevail on a § 2255 motion,[2] the court concludes that appointment of counsel is not appropriate. It therefore DENIES Mr. Huff's motion.

## CONCLUSION

For the reasons stated above, the court DENIES Mr. Huff's motion to appoint counsel.[3]

DATED this 23d day of February, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[2] Although the court concludes it is unlikely that Mr. Huff can prevail on a § 2255 motion, the court offers no opinion as to whether Mr. Huff could successfully prevail on his claims under a different theory or cause of action.

[3] Dkt. No. 140.